UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MOCHRIE, in his own capacity, and as intended personal representative of the Estate of Mary Mochrie

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY, PHILIP MORRIS USA, INC., VECTOR GROUP, LTD., LORILLARD TOBACCO COMPANY and LIGGETT GROUP LLC,

    Defendants.

Case No: 2:16-cv-306-FtM-38CM

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Extend Service of Process and Memorandum of Law in Support (Doc. 24) filed on June 20, 2016. On July 7, 2016, Defendants filed a response in opposition. Doc. 26. For the reasons that follow, the motion is due to be granted.

I.   Background

On January 8, 2008, Plaintiff Kenneth Mochrie and his wife, Mary Mochrie, along with additional plaintiffs filed a consolidated complaint against Defendants in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida (the "First Action"). Doc. 24 at 3; Doc. 6-1. The First Action was brought pursuant to the Florida Supreme Court's decision in *Engle v. Liggett Group, Inc.*, 945 So. 2d

1246 (Fla. 2006). The complaint alleged, in relevant part, that Ms. Mochrie sustained bodily injuries as a result of smoking cigarettes designed, manufactured, advertised, and marketed by Defendants. Doc. 6-1 ¶¶ 28, 30-32. Mr. Mochrie sought consortium damages. *Id.* ¶¶ 54-55.

On November 17, 2010, while the First Action was pending, Ms. Mochrie died. Doc. 24 at 5; Doc. 26 at 3. Plaintiff states that once Ms. Mochrie died, his counsel faced the issue of whether and how the original personal injury claim could be converted to a wrongful death claim so as to preserve the rights of the decedents' estates and survivors in light of sections 46.021 and 768.20 of the Florida Statutes and a split of authority in Florida case how. Section 46.021 states "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." Fla. Stat. § 46.021. Section 768.20 states, in part, "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Fla. Stat. § 768.20. Pursuant to the Second District Court of Appeal in *Niemi v. Brown & Williamson Tobacco Corp.*, 862 So. 2d 31 (Fla. Dist. Ct. App. 2003), approved sub nom. *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363 (Fla. 2013), when the alleged personal injury in an action results in death, the personal representative can be substituted for the deceased plaintiff so that the personal representative can amend a personal injury complaint to state a cause of action for wrongful death. Pursuant to the Third District Court of Appeal in *Capone v. Philip Morris U.S.A. Inc.*, 56 So. 3d 34 (Fla. Dist. Ct. App. 2010), decision

quashed sub nom. *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363 (Fla. 2013), a personal injury claim is extinguished upon the death of the plaintiff, and any surviving claim must be brought as a new and separate wrongful death action. Although the Florida Supreme Court ultimately resolved the issue in 2013 by upholding the *Niemi* decision and quashing *Capone*,[1] until it did so, Plaintiff was faced with the issue of how to assert the wrongful death claim. Doc. 24 at 4. Plaintiff's counsel states that in an abundance of caution, he pursued both avenues and filed a severed amended action and a separate action.

Thus, on November 4, 2011, Plaintiff filed the severed action in his own capacity and as intended Personal Representative of the Estate of Mary Mochrie ("Second Action") in the same state court. Doc. 6-3; Doc. 24 at 3. The complaint, titled Severed and Second Amended Complaint for Damages, Including Damages for Wrongful Death, and Demand for Jury Trial, stated "Plaintiff in addition to pleading his claims for wrongful death herein, intends also to file a new and separate wrongful-death cause of action of even date herewith; and then, in the interest of judicial economy, to move for consolidation of that case into this one." Doc. 6-3 ¶ 7. On that same day, Plaintiff then filed the instant action, intended to be the new stand-alone wrongful death claim, in the same state court. Doc. 6-2. The instant case was filed within two years of the decedent's death. Doc. 24 at 3.

In June 2015, Defendants moved to dismiss the First and Second actions, to which Plaintiff responded with filing notices of voluntary dismissal on July 17, 2015,

---

[1] *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363 (Fla. 2013)

"days before the hearing on these motions to dismiss," according to Defendants. Doc. 26 at 4. Approximately nine months later, on April 5, 2016, Plaintiff attempted to serve Defendants with the complaint in the instant action. Doc. 24 at 5. Plaintiff admits that service was defective. *Id.*

Plaintiff's counsel states that because it was his regular practice to not serve with process a severed complaint but only provide it in the same manner as he would a post-complaint pleading, he "overlooked the necessity of making service of process on the Defendant corporations in the instant case[.]" Doc. 24 at 4. Counsel admits that he took no action in the instant case from its filing until December 2015 when he began to review all of his firm's Lee County *Engle* cases to determine which of them were ready to proceed to trial; a review undertaken in response to a Lee County Tobacco Panel's Order dated August 18, 2015 to complete all pre-activation tasks in all *Engle*-progeny cases in Lee County. Doc. 24 at 5. It was during this review that counsel realized that service was never completed. *Id.* As a result, Plaintiff's counsel then "acted to effectuate service of process, which was done on April 5, 2016, but defectively." *Id.*

On April 25, 2016, Defendants removed the instant action to this Court (Doc. 1) and subsequently filed a Motion to Dismiss and Incorporated Memorandum of Law. Doc. 6. The premise of the motion to dismiss is that the claims in this suit are barred by the principles of res judicata. *Id.* Defendants argue that all three suits are premised on injuries allegedly suffered by Ms. Mochrie as a result of her addiction to Defendants' cigarettes and each involved identical factual allegations, claims for

relief, and defendants. *Id.* at 2. Additionally, Defendants argue that service of process on them was defective. *Id.* at 3. Embedded in Plaintiff's response to the motion to dismiss was a request for an extension of time to effect service of process, which the Court denied without prejudice with the direction for Plaintiff to follow the Middle District of Florida Local Rules in filing motions. Doc. 24. The instant motion ensued.

## II.  Discussion

In determining validity of service in the state court prior to removal of an action, the federal court must apply the law of the state under which the service was made. *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998). Once a case has been removed to federal court, federal law governs subsequent attempts at service of process. 28 U.S.C. § 1448; Fed.R.Civ.P. 81(c)(1); *see also Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001)("[R]emoved actions become subject to federal rather than state rules of procedure.") (internal quotations and citation omitted). Pursuant to recently amended Rule 4(m),

> [i]f a defendant is not served within 90 days[2] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).  "In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state

---

[2] Since December 2015, the timing was shortened from 120 days to 90 days.  *See* Fed.R.Civ.P. 4(m), advisory committee's note to 2015.

court." Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1137 (4th. ed. 2015). Although the Court did not locate an Eleventh Circuit case addressing this specific issue, the Court is persuaded by the ample authority that holds when an action is removed from state court, the 90-day period begins to run on the date when the action is removed to federal court. *See e.g.*, *Tatum v. Bank of Am., N.A.*, No. 1:15-CV-3076-ODE-CMS, 2016 WL 4445265, at *3 (N.D. Ga. May 18, 2016); *White v. Capio Partners, LLC*, 2015 WL 5944943, *2 (S.D. Ga. 2015); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011); *Gerena v. Korb*, 617 F. 3d 197, 199-200 (2d Cir. 2010).

Plaintiff admits that this case has been pending in state court since November 2011 and he did not attempt service until April 2015. Doc. 24 at 2. Plaintiff admits that his attempt at service of process while the case was pending in state court was deficient. Doc. 24 at 5. The Court therefore, need not analyze the validity of service during the state court proceeding. Plaintiff instead requests an extension of time within which to effect service on Defendants and relies entirely on Florida law to support his request. *See* Doc. 24. Plaintiff cites "excusable neglect" for his failure to serve the complaint while the case was pending in state court. *Id.* at 5. Plaintiff also argues that the expiration of the statute of limitations period for Plaintiff's wrongful death action militates in favor of granting an extension in that a dismissal without prejudice will effectively bar re-filing the suit. *Id.* at 6.

As noted, Defendants removed this action to this Court on April 25, 2016. Doc. 1. Plaintiff, therefore, had until July 25, 2016 to effect service. Fed.R.Civ.P.

4(m). Plaintiff initially requested an extension of time to effect service in May 17, 2016. Doc. 11. After the Court denied that request without prejudice for failure to comply with the Local Rules, Plaintiff filed the instant motion on June 20, 2016. Doc. 24. Thus, at each time when Plaintiff requested an extension, the 90-day period had not expired.

In their response in opposition, Defendants acknowledge that there is authority to support the proposition that Rule 4(m)'s 90-day period begins to run on the date of removal, but distinguish those decisions "either because they confront a situation where removal occurred prior to the expiration of time to serve a defendant under state law or rely on cases with such a factual scenario without considering the distinction." Doc. 26 at 5 n.1 (citing *White,* 2015 WL 5944943, at *2). The Court is not persuaded by this distinction as it has no bearing on the automatic renewal of the time clock for serving a defendant within 90 days from the date the action is removed to federal court. In any event, Defendants argue that even if the Court holds that the time limits of Rule 4(m) begins on the date of removal, Plaintiff's motion should be denied in the event he fails to serve process within the time required by the rule. *Id.* Despite being alerted to this authority by the defense, there is no indication in the record that Plaintiff has effected service on Defendants to date.

As noted, if a plaintiff fails to properly serve a defendant within 90 days, the Court shall dismiss the action or direct that service be completed within a specified time, provided Plaintiff shows good cause. Fed.R.Civ.P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than

inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation ommitted). Although Plaintiff cited "inadvertence" of his counsel in failing to effect service prior to removal of this action, Plaintiff offered no reason why service was not effected after removal of this action. *See* Doc. 24. Notably, at the time the motion was filed, the time to effect service had not yet expired. Plaintiff relied entirely on Florida case law to support his motion and did not acknowledge that the 90-day timing requirement begins to run on the date of removal. Under these circumstances, the Court finds that Plaintiff has failed to demonstrate good cause.

The Eleventh Circuit holds that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of good cause. *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). For instance, relief may be justified where the statute of limitations would bar the re-filing of an action. *Id.* at 1132-33. In this instance, because Plaintiff filed his motion prior to the expiration of the 90-day requirement and because dismissal without prejudice would bar re-filing of the lawsuit, the Court will exercise its discretion and afford Plaintiff a brief extension to effect service.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Extend Service of Process and Memorandum of Law in Support (Doc. 24) is **GRANTED**. Plaintiff shall have **up to and including December 5, 2016** to effect service on Defendants.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of November, 2016.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record